UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

MICHAEL L. DEWEESE,                        )
                                           )
                  Plaintiff,               )
                                           )
           v.                              )        No. 2:25-cv-00503-JPH-MG
                                           )
WHITTNEY MOORE,                            )
CASEY JACOBS-CAMPBELL,                     )
DR. MIDDAUGH,                              )
CENTURION HEALTH OF INDIANA, LLC,          )
                                           )
                  Defendants.              )

**ORDER SCREENING AMENDED COMPLAINT AND DIRECTING
FURTHER PROCEEDINGS**

Plaintiff Michael Deweese is a prisoner currently incarcerated at Wabash

Valley Correctional Facility. He filed this civil action alleging he has received

inadequate treatment for nerve pain caused by an injury sustained during a

tooth extraction. Mr. Deweese filed an amended complaint, which is now the

operative complaint. Dkt. 7. Because Mr. Deweese is incarcerated, this Court

must screen the amended complaint before service on the defendants. 28 U.S.C.

§ 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is

frivolous or malicious, fails to state a claim for relief, or seeks monetary relief

against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To

determine whether the complaint states a claim, the Court applies the same

standard as when addressing a motion to dismiss under Federal Rule of Civil

1

Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Amended Complaint

Mr. Deweese's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). Mr. Deweese names the following defendants: (1) Indiana Statewide Dental Service Director Dr. Whittney Moore, (2) Nurse Practitioner Casey Jacobs-Campbell, (3) Dentist Dr. Middaugh, and (4) Centurion Health of Indiana, LLC.

Mr. Deweese provides a very comprehensive account of the treatment he has been provided in his amended complaint. To summarize, Mr. Deweese experienced nerve damage after a wisdom tooth extraction in April 2024. The oral surgeon recommended Gabapentin/Neurontin on several occasions as the best medication to treat nerve damage. NP Jacobs-Campbell submitted requests for Neurontin, but those requests were repeatedly denied by Dr. Moore. Other medications proved ineffective to treat Mr. Deweese's nerve pain. At some point, NP Jacobs-Campbell said that she could do nothing more to help with the issue

and that it should be handled by Dr. Middaugh and others in the dental department, while the dental department said it was a medical issue.

Dr. Moore repeatedly rejected requests for Neurontin, telling Mr. Deweese that he could not expect to be pain-free. Dr. Moore also rejected a recommendation by the oral surgeon that Mr. Deweese be seen by a neurologist. Mr. Deweese believes that some of Dr. Moore's treatment decisions were in retaliation for him filing a grievance against her.

Eventually, Dr. Middaugh's dental assistant told Mr. Deweese that, after consulting with Dr. Moore, the dental team had concluded that there was "no reason to clinically intervene" but they would monitor Mr. Deweese's case. Dkt. 7 at 13.

Mr. Deweese attributes his poor medical care to several Centurion practices or policies: (1) saving money by prescribing other medications in place of Neurontin, (2) ignoring specialists' recommendation to prescribe Neurontin under the pretext that inmates will abuse it, without an individualized assessment of whether the inmate is likely to abuse it; (3) avoiding providing proper care by shifting blame and responsibility amongst medical departments; and (4) a practice of having a dental assistant make medical decisions on behalf of Dr. Middaugh who "often looks lost or unsure as to what he is supposed to do in many situations" while the dental assistant speaks over him. *Id.* at 17.

Mr. Deweese states that the lack of proper treatment for his pain has decreased the quality of his life and caused mental health issues. He seeks compensatory and punitive damages and injunctive relief.

3

### III. Discussion of Claims

Although a plaintiff need not plead legal theories in a complaint, *see* Fed. R. Civ. P. 8(a), Mr. Deweese has identified the theories he wishes to use—Eighth Amendment deliberate indifference, First Amendment retaliation, policy-or-practice claims under *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978), and a state-law intentional infliction of emotional distress claim. Where a pro se litigant has expressly stated the legal theory he wishes to pursue, the district court is not required to analyze whether the allegations in the complaint might state a claim under a different legal theory. *See Larry v. Goldsmith*, 799 F. App'x 413, 416 (7th Cir. 2016) (citing *Clancy v. Office of Foreign Assets Control of U.S. Dep't of Treasury*, 559 F.3d 595, 606-07 (7th Cir. 2009)). Thus, the Court analyzes Mr. Deweese's claims only under the theories he has identified.

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

First, Eighth Amendment deliberate indifference claims **shall proceed** against Dr. Moore, NP Jacobs-Campbell, and Dr. Middaugh on the theory that they have been deliberately indifferent to Mr. Deweese's ongoing nerve pain by persisting in ineffective courses of treatment. Intentional infliction of emotional distress claims **shall proceed** against the individual defendants.

A First Amendment retaliation claim **shall proceed** against Dr. Moore on the theory that she provided poor medical care in retaliation for Mr. Deweese's grievance activity.

*Monell* claims **shall proceed** against Centurion based on Mr. Deweese's allegations that they had a policy or practice of not prescribing Neurontin to save money, that they ignore specialists' recommendations, and that they have a practice of relinquishing responsibility by shifting blame through various departments. The claim related to Dr. Middaugh looking lost or deferring to his dental assistant is **dismissed for failure to state a claim upon which relief can be granted**. While these facts may support an inference that Dr. Middaugh was deliberately indifferent by failing to exercise his medical judgment, Centurion cannot be held liable under a theory of "respondeat superior liability for an employee's constitutional violations." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 653 (7th Cir. 2021).

Mr. Deweese's claim for injunctive relief **shall proceed** against Centurion. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (noting that the proper defendant in an injunctive relief action is the official "who would be responsible for ensuring that any injunctive relief is carried out.").

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through May 18, 2026,** in which to file a motion to reconsider the screening order.

### IV. Conclusion and Service of Process

The following claims are proceeding in this action: Eighth Amendment deliberate indifference and state law intentional infliction of emotional distress

claims against Dr. Moore, NP Jacobs-Campbell, and Dr. Middaugh, Eighth Amendment *Monell* claims against Centurion, and a First Amendment retaliation claim against Dr. Moore. All other claims have been dismissed.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants (1) Indiana Statewide Dental Service Director Dr. Whittney Moore, (2) Nurse Practitioner Casey Jacobs-Campbell, (3) Dentist Dr. Middaugh, and (4) Centurion Health of Indiana, LLC, in the manner specified by Rule 4(d). Process shall consist of the amended complaint, dkt. [7], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Centurion employees electronically.

The individual defendants are identified as employees of Centurion. A copy of this Order and the process documents shall also be served on Centurion electronically. Centurion is ORDERED to provide the full name and last known home address of any defendant who does not waive service if they have such information. This information shall be filed ex parte.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 4/20/2026

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

6

Distribution:

MICHAEL L. DEWEESE
250134
WABASH VALLEY - CF
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

Electronic service to Centurion
     Dr. Whittney Moore
     NP Casey Jacobs-Campbell
     Dr. Middaugh